[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-12028
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-80776-CV-KLR

ROBERT M. GORDON,

Plaintiff-Appellant,

versus

HONORABLE MARTIN H. COLIN, in his official
capacity and in his personal capacity,
ESQ. BRUCE S. ROSENWATER,
EMILY J. GORDON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(February 26, 2008)**

Before MARCUS, PRYOR and COX, Circuit Judges.

PER CURIAM:

Robert M. Gordon ("Gordon"), proceeding *pro se*, appeals the district court's dismissal of his action against Judge Martin H. Colin ("Colin"), Gordon's ex-wife Emily ("Emily"), and her attorney Bruce Rosenwater ("Rosenwater"). Gordon's complaint asserts claims under 42 U.S.C. § 1983 and Florida law.

Gordon contends: (1) that the district court erred in finding that Colin was entitled to judicial immunity in his individual capacity; (2) that the district court erred in finding that Emily and Rosenwater were entitled to absolute immunity under Florida law; and (3) that the district court erred in dismissing his federal claims for declaratory and injunctive relief against Colin. Additionally, Gordon contends that the district court erred in its alternative ruling dismissing Gordon's action based on the *Rooker-Feldman* doctrine[1] and the *Younger* doctrine.[2]

The district court, in its order dismissing the action (R.1-35), adopted the report and recommendation of the magistrate judge (R.1-32).

Gordon's § 1983 claim seeking money damages against Colin in his individual capacity is totally meritless. Colin dealt with Gordon in a judicial capacity, and Colin

[1]*Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[2]*Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

did not act in the "clear absence of all jurisdiction."  Thus, he is immune from this claim for money damages. *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996).[3]

We also conclude that the district court properly found Emily and Rosenwater immune under Florida law from Gordon's state law claims for money damages.  Their conduct of which Gordon complains involved prosecuting the claims for unpaid alimony, and occurred during the course of the litigation.  Thus, Emily and Rosenwater are, under Florida law, entitled to immunity for the reasons stated in the magistrate judge's report and recommendation. (R.1-32 at 12.)

Finally, the district court properly dismissed Gordon's claims for prospective declaratory and injunctive relief.  In the instant case, Gordon sought two forms of equitable relief.  First, Gordon sought an order preventing Colin from issuing a future writ of bodily attachment and a declaration that Colin's actions had violated his federal constitutional rights.  Gordon, however, lacked standing to seek this relief because the possibility that a writ of bodily attachment will be issued in the future, especially after the underlying contempt order has been vacated, is too speculative to satisfy the case and controversy requirements of Article III.  *Cf. Emery v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).  Second, he sought an injunction vacating Colin's

---

[3]Gordon does not contend on this appeal that Colin is liable for damages in his official capacity.

3

contempt order. This claim for injunctive relief, however, is now moot because the state appellate court has already vacated that order. Thus, the district court was without jurisdiction to consider Gordon's claims for equitable relief.

We conclude that Gordon has shown no error in the district court's determination that all of his claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Whether there is currently a final state court judgment is unclear, and we decline to find a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Similarly, because it is unclear that state court proceedings are ongoing, we decline to say that *Younger* abstention is appropriate. Therefore, we AFFIRM dismissal of the action with prejudice, but AMEND the district court's judgment by eliminating the paragraph dismissing Gordon's action on the alternative grounds of *Younger* abstention and the *Rooker-Feldman* doctrine.

JUDGMENT (AS AMENDED) DISMISSING ACTION WITH PREJUDICE AFFIRMED.